UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN, | No. 2:16-cv-2090 MCE KJN P |
| Petitioner, | |
| v. | <u>FINDINGS & RECOMMENDATIONS</u> |
| J. LIZARAGA, | |
| Respondent. | |

I. <u>Introduction</u>

    Petitioner, proceeding pro se, is a state prisoner who challenges the 2015 decision denying him parole. Respondent moves to dismiss this action on the grounds that his claim is not cognizable. As set forth below, the undersigned recommends that the motion to dismiss be granted, and that the petition be dismissed without prejudice.

II. <u>Background</u>

    1. In 1982, petitioner was convicted of kidnapping for robbery, multiple counts of felony robbery, two counts of attempted robbery, assault with great bodily injury with use of a deadly weapon, and grand theft auto, along with multiple enhancements. (ECF No. 1 at 13-15.)

    2. Petitioner was sentenced on February 18, 1983, and is serving an indeterminate prison term of life with the possibility of parole. (ECF No. 1 at 13.)

////

1

3. Petitioner challenges the 2015 denial of parole by the Board of Parole Hearings ("Board"), and alleges that the Board's failure to find petitioner suitable for parole several years beyond his minimum eligible parole date ("MEPD") renders his sentence disproportionate in violation of the Eighth Amendment. (ECF No. 1 at 8-9.)

4. On August 17, 2016, the California Supreme Court denied petitioner's state habeas petition without comment. (ECF No. 1 at 21.)

5. On September 1, 2016, petitioner filed the instant petition. (ECF No. 1.)

6. Respondent filed a motion to dismiss; petitioner filed an opposition; and respondent filed a reply. (ECF Nos. 10-12.)

III. Motion to Dismiss

A. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Thus, the court reviews respondent's motion pursuant to its authority under Rule 4.

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 4 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

2

| | determined by the Supreme Court of the United States; or |
|---|---|
| | (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. |

28 U.S.C. § 2254(d).

B. <u>Discussion</u>

Initially, petitioner is informed that the MEPD does not determine his final release date or establish his term of confinement. Rather, his release from confinement is dependent on the decision of the Board. <u>See In re Jenkins</u>, 50 Cal. 4th 1167, 1179-80, 116 Cal. Rptr. 3d 790 (2010) (noting that a prisoner serving an indeterminate life sentence has his or her minimum parole eligibility date advanced though custody credits, but their actual release from prison is wholly dependent on the parole decision). Thus, to the extent that petitioner alleges he has been wrongfully held fourteen years beyond his MEPD (ECF No. 11 at 3), such claim is unavailing, and fails to state a cognizable habeas claim.

Respondent argues that petitioner's Eighth Amendment claim is not cognizable under the Antiterrorism and Effective Death Penalty Act ("AEDPA") because petitioner fails to cite any clearly established federal law that the Eighth Amendment prohibits a life with the possibility of parole sentence for an adult convicted of multiple violent felonies (ECF No. 10 at 1, 2; 12 at 1-2), or that failure to find an indeterminately sentenced adult offender suitable for parole renders a sentence disproportionate (ECF No. 10 at 4). This court does not agree that such claim is not cognizable. Rather, petitioner's Eighth Amendment claim is cognizable for consideration, but does not merit relief, as respondent also argues, and the cases cited by respondent demonstrate.

As discussed below, petitioner's Eighth Amendment claim should be summarily dismissed because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Federal Rules Governing Section 2254 Cases.

The Eighth Amendment's "Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." <u>Graham v. Florida</u>, 560 U.S. 48, 59 (2010). "For the most part, however, the [Supreme] Court's precedents consider

3

punishments challenged not as inherently barbaric but as disproportionate to the crime." Id. The Eighth Amendment contains a "narrow" proportionality principle -- one that "does not require strict proportionality between crime and sentence," and forbids only "extreme sentences that are 'grossly disproportionate' to the crime." Id. at 59-60. "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983); see also Crosby v. Schwartz, 678 F.3d 784, 795 (9th Cir. 2012) ("Circumstances satisfying the gross disproportionality principle are rare and extreme, and constitutional violations on that ground are 'only for the extraordinary case'"). Only in that rare case where a comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality does the court compare a petitioner's sentence with sentences for other offenders in the jurisdiction, and for the same crime in other jurisdictions, to determine whether it is cruel and unusual punishment. Graham, 560 U.S. at 60. Therefore, "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Lockyer v. Andrade, 538 U.S. 63, 73 (2003).

A sentence of life in prison for the commission of multiple violent felonies does not lead to an inference of gross disproportionality and therefore does not amount to cruel and unusual punishment forbidden by the Eighth Amendment. See, e.g., Ewing v. California, 538 U.S. 11, 29-31 (2003) (upholding sentence of 25-years-to-life for recidivist convicted most recently of grand theft);[1] Lockyer, 538 U.S. at 76 (upholding sentence of two consecutive terms of 25-years-to-life

---

[1] In the 1990's, multiple states, including California, responded to public concerns about the threat of career criminals by enacting statutes imposing enhanced sentences on repeat offenders. Ewing, 538 U.S. at 24. California's three strikes law was intended to be "a focused effort to create a sentencing policy that would use the judicial system to reduce serious and violent crime." Id. (citation omitted). In addressing the three strikes law and other state enhanced sentencing schemes, the Supreme Court declined to alter its long-time practice of deferring to state legislature's policy-making on sentencing. Ewing, 538 U.S. at 24-25. Nothing in the Eighth Amendment prevents California from making a policy decision that "public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime." Id. at 25.

for recidivist convicted most recently of two counts of petty theft with a prior conviction); Harmelin v. Michigan, 501 U.S. 957, 996 (1991) (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine); Nunes v. Ramirez-Palmer, 485 F.3d 432, 439 (9th Cir. 2007) (upholding sentence of 25-years-to-life for the underlying offense of petty theft with a prior conviction after finding petitioner's criminal history was longer, more prolific, and more violent than the petitioner's in Andrade, who suffered a harsher sentence); Crosby, 678 F.3d at 784 (upheld state court's ruling that a sex offender's sentence of 26 years to life under California's Three Strikes Law for failing to register within five days after moving did not violate the Eighth Amendment); see also Rummel v. Estelle, 445 U.S. 263, 274 (1980) (sentence of life imprisonment for three petty thefts involving less than $230.00 does not violate Eighth Amendment).

In light of the above, even if petitioner is again denied parole, or must serve the rest of his life in prison, his continued imprisonment does not run afoul of the Eighth Amendment. Life in prison for multiple violent felonies committed by an adult is not so disproportionate to the crime that it could be construed as cruel and unusual punishment under the Eighth Amendment. Therefore, petitioner is not entitled to habeas relief on his claim that the Board's failure to find him suitable for parole rendered his sentence disproportionate in violation of the Eighth Amendment.

Review of the petition and its exhibits demonstrate that the adjudication of petitioner's claim by the California Supreme Court was a reasonable application of Supreme Court precedent based on a reasonable determination of the facts. Accordingly, respondent's motion to dismiss should be partially granted, and this action summarily dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be partially granted; and

2. This action be summarily dismissed. Rule 4 of the Federal Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 28, 2017

/gree2090.mtd.hc.parole

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE